I clearly agree with the majority in concluding that appellant's single assignment of error is without merit, and that the trial court properly stated its reasons pursuant to R.C. 2929.19(B)(2)(d) with respect to its conclusion under R.C. 2929.14(C) that appellant poses a greater likelihood of recidivism. However, I do not agree with the majority that appellant's claim that he did not commit the worst form of the offense is moot.
The sentencing transcript here unequivocally indicates that the trial court outlined in concise detail that the fatality here was the result of an egregious rage incident in which appellant was indeed an active participant. This exercise is evidenced by the following colloquy between the trial court and appellant's counsel:
 "MR. CHURCH: *** Your Honor, no one can dispute the harm that has happened here to Mr. Triskett. The defense totally concedes the absolute harm that befell Mr. Triskett because of this accident. Your Honor, this was not an intentional act in the slightest, it was an accident.
 "THE COURT: What do [you] call racing down the [road]?
"MR. [CHURCH]: He wasn't racing down the road?
"THE COURT: Why was he following him so close?
"MR. CHURCH: Because the guy slowed down rapidly.
"THE COURT: Why was he playing games?
 "MR. CHURCH: He wasn't. The car in front of him was. ***
"THE COURT: It would be wise to pull over.
"MR. CHURCH: Pardon me?
 "THE COURT: Wouldn't it have been wise to pull over?
"MR. CHURCH: Certainly, Your Honor."
Later, the trial court reviewed its discussion on this topic when passing sentence:
 "The problem I have is I have a dead father of two children. I have you driving in this way. What do you call it? If you want to split a hair and not call it road rage, it wasn't very smart on your part. When a person starts playing, tailgating, you have to stop. The law puts the requirement on you. Now you've destroyed their family."
Thus, the foregoing analysis supports the conclusion that the trial court also complied with the requirements of R.C. 2929.14(C) with respect to worst form and the underlying reasons for that conclusion pursuant to R.C. 2929.19(B)(2)(d).